**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:06-cr-125-Orl-19KRS

**SHARIKA MICHELLE FLOWERS #23**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO WITHDRAW PLEA (Doc. No. 1193)** |
| **FILED:** | **January 29, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Defendant Sharika Michelle Flowers seeks to withdraw her plea of guilty because the attorney she retained to represent her in this case, John Albert, had undisclosed potential conflicts of interest. Specifically, Attorney Albert represented Amy Brown-Senat, a codefendant of Ms. Flowers, in related state court proceedings. Attorney Albert also represented Reginald Wright, the movant's boyfriend, in related state court proceedings. Ms. Flowers represents that Wright claimed ownership of the cocaine that underlies, in part, the charges against her in the present case. Attorney Albert did not reveal that he represented Brown-Senat or Wright to the Court. The United States does not oppose the motion.

Attorney Albert was invited to attend the hearing on the motion to withdraw, but he did not do so. A letter from Attorney Albert to the newly appointed counsel for Ms. Flowers was admitted into evidence. In the letter, Attorney Albert did not address the potential conflicts of interest. Rather, he wrote to advise appointed counsel that he would not deliver to her the discovery produced to him by the United States in the present case.[1]

Defendant Sharika Michelle Flowers has not been sentenced in this case. I advised Ms. Flowers at the hearing on the motion to withdraw her guilty plea of the consequences of granting the motion, including the possibility that the United States would withdraw the plea agreement and the information and file a superseding indictment. Ms. Flowers stated that despite these possible consequences, she wished to withdraw her guilty plea.

## II.    LEGAL ANALYSIS.

Federal Rule of Criminal Procedure 11(d) provides that "[a] defendant may withdraw a plea of guilty. . . after the court accepts the plea, but before it imposes sentence if:  . . . the defendant can show a fair and just reason for requesting the withdrawal." The United States Court of Appeals for the Eleventh Circuit has explained that this provision "is to be liberally construed." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

"[T]here is no absolute right to withdraw a guilty plea prior to imposition of sentence. The decision to allow withdrawal is left to the sound discretion of the trial court." *Id.* The defendant has the burden of establishing a fair and just reason supporting withdrawal of her guilty plea. "In

---

[1] The Court need not consider at this time whether Attorney Albert should be required to furnish the discovery materials in his possession to current counsel for Ms. Flowers because alternative arrangements are being made to provide the discovery to current counsel.

determining whether the defendant has met this burden, the district court may consider the totality of the circumstances surrounding the plea. . . . Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved . . . ; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472. "The district court may be reversed only if its decision is arbitrary or unreasonable." *Id.* at 471.

A defendant has a right to conflict-free counsel. When, as here, the attorney for the defendant represents or represented others whose interests conflict with that of the defendant, a potential conflict of interest arises. Joint representation of individuals with conflicting interests can prevent the attorney for the defendant from exploring possible plea agreements that would result in one of the attorney's clients being required to testify against another of the attorney's clients, and may limit the ability to examine and cross-examine witness if doing so would require revealing information learned in confidence from a client, among other things. *See, e.g. Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978); *United States v. Ross*, 33 F.3d 1507, 1523-25 (11th Cir. 1994).

In this case, Ms. Flowers represents that Attorney Albert's representation of Reginald Wright created an actual conflict, because in order to provide a proper defense to Ms. Flowers, Albert would be required to present evidence that Wright owned the cocaine found at Ms. Flowers and Mr. Wright's residence. Attorney Albert was given an opportunity to appear and present evidence regarding whether such a potential conflict existed, but he did not do so. Thus, because of the potential conflict of interest, Ms. Flowers was deprived of the close assistance of conflict-free counsel, and her decision whether to plead guilty may have been different has she had such assistance. The United States does

not argue that it would be prejudiced by granting the motion. While judicial resources will not be conserved by permitting withdrawal of the guilty plea, this factor is not sufficient, considering the totality of the circumstances, to warrant denial of the motion.

Accordingly, because Ms. Flowers is entitled to conflict-free counsel, and she has not waived that right, she has presented a fair and just reason to withdraw her guilty plea.[2]

Respectfully recommended in Orlando, Florida on this 13th day of February, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy

---

[2] In an abundance of caution, I will issue an amended scheduling order as to Ms. Flowers so that the matter will be ready to proceed to trial should the Court accept this recommendation.